FILED

2016 Apr-06  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PASTOR XAVIER LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-01013-JEO |
| | ) | |
| ACCREDO PHARMACY-EXPRESS | ) | |
| SCRIPTS and | ) | |
| MS ACTIVE SOURCE-BIOGEN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Defendants Biogen, Inc.[1] and Accredo Health Group, Inc.[2] ("Accredo")
have each filed a motion to dismiss the plaintiff's amended complaint.[3]  (Docs. 18
& 19).  The motions have been fully briefed by the parties.  (Docs. 21, 22, 23, &
24).  Upon consideration, the court finds that the motions are due to be granted
and that this action is due to be dismissed with prejudice.[4]

---

[1]Counsel for Biogen has noted that the plaintiff has incorrectly identified it simply as
"Biogen."  (Doc. 18 at 1).

[2]Counsel for Accredo has noted that the plaintiff has incorrectly identified it as "Express
Scripts."  (Doc. 19 at 1).

[3]The plaintiff's amended complaint (doc. 17) is not specifically identified as such, but the
court will treat the pleading as an amended complaint.

[4]The parties have consented to magistrate judge jurisdiction.  *See* 28 U.S.C. § 636(c),
FED. R. CIV. P. 73(a).

## PROCEDURAL HISTORY

The plaintiff is pursuing this action *pro se*.  His initial complaint consisted of a single page of confusing factual allegations, all apparently related to the defendants' alleged failure to provide him with medication he claims he needed. (Doc. 1-1 at 6).  Biogen and Accredo filed motions to dismiss the complaint. (Docs. 3 & 4).  Following a hearing, the court entered an order denying the motions without prejudice and ordering the plaintiff to file an amended complaint that cured the legal and factual defects in his initial complaint, which the court identified as follows:

> First, [the complaint] does not allege a factual basis to support a particular claim.  At best, it is a short-hand, disjointed compilation of facts.  Second, it does not distinguish the conduct of each defendant. Third, it does not set forth the elements of any particular cause of action (*e.g.* breach of contract, negligence).  Fourth, it does not comply with the technical requirements of FEDERAL RULE OF CIVIL PROCEDURE 10.

(Doc. 14 at 5-6 (footnotes omitted)).  Recognizing that the plaintiff is proceeding *pro se*, the court quoted the provisions of Rules 8(a) and 10 that his amended complaint needed to satisfy.  (*Id.*, quoting FED. R. CIV. P. 8(a) & 10).

In an effort to comply with the court's order, the plaintiff filed an amended complaint containing seven numbered paragraphs of factual allegations and a single count for "Gross Negligence/emotional distress/mental distress/financial

distress."  (Doc. 17).   Biogen and Accredo filed separate motions to dismiss the amended complaint pursuant to Rule 12(b)(6), each asserting that the amended complaint fails to state a claim upon which relief can be granted.  (Docs. 18 & 19). In response to the motions to dismiss, the plaintiff filed an "answer" with three additional paragraphs of factual allegations.  (Doc. 21).  He has also submitted two "notices" that purport to explain the stress and damage he has allegedly suffered as a consequence of the defendants' alleged actions.  (Docs. 25 & 26).

## LEGAL STANDARD

As the court explained in its order denying the defendants' motions to dismiss the plaintiff's initial complaint, FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief [.]"  *Guthrie v. U.S. Government*, --- F. App'x —, 2015 WL 4281346, *3 (11th Cir. July 16, 2015) (citing FED. R. CIV. P. 8).  The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross "the line between possibility and plausibility."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Conclusory allegations, without factual support, are not enough to withstand a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a court should not accept a plaintiff's conclusory allegations as true).  Additionally, the

3

Eleventh Circuit has long required that district courts be wary of pleadings wherein it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Furthermore, "[i]t is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.' " *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).  That is not to say, however, that a *pro se* plaintiff may offer only conclusory factual allegations or legal conclusions.  *Id.*; *see also Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (noting that "[w]hile we must construe the pleadings of *pro se* defendants liberally, 'we nevertheless have required them to conform to procedural rules.'  *Albra v. Advan*, *Inc*., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted)").

## DISCUSSION

In his amended complaint, the plaintiff alleges that the defendants' alleged acts of "gross negligence" occurred from on or about May 1 through July 9, 2013. (Doc. 17 ¶ 1).  He alleges:

Accredo received the prescription [for the medication] on May 1st

4

> 2013 and cancelled [it] 2 weeks later on May 14 2013.  During those
> 2 weeks they stated that my doctor canceled but later that they could
> not reach him.  If they could not reach my doctor why was I not
> contacted to reach him on my own?  Biogen is the maker of the meds
> so why didn't they send me meds until the issue was taken care of [?]

(*Id.* ¶ 6).  He alleges that the defendants "breached the applicable standard of care"

by "1) failing to provide treatment on time, 2) failing to keep [him] informed on

the issues that hindered [him] from receiving treatment on time, [and] 3) failing to

act accordingly on the situation that could have been avoided."  (*Id.* ¶ 3).  In the

single count of his amended complaint for gross negligence, the plaintiff alleges

that he is bringing his "claim" for "the conscious pain and suffering, mental

anguish, emotional distress, gross neglect, medical expenses, financial burden and

other damages as a direct and proximate result of the negligence and breaches of

the applicable standard of care by the defendants, by and through their employees

and agents."  (*Id.* ¶ 10).

In the plaintiff's "answer" to the defendants' motions to dismiss his

amended complaint, the plaintiff provides additional factual allegations regarding

the defendants' alleged conduct.  With respect to Biogen, he alleges:

> The beginning of this issue started with Biogen when they didn't
> review my information before they sent if off to [A]ccredo pharmacy
> which my insurance didn't use.  I filled out a form to have the
> medication filled and included all of my information needed to
> proceed.  They neglected to do right by me by making sure that

everything was done correctly. ... When they were told that it was cancelled they didn't inform me but instead continued to send me welcome letters.  Around June 18, 2013 I called to check on my meds and they informed me that it was cancelled.  Nothing was ever done to help me get my meds.

(Doc. 21 ¶ 1).  With respect to Accredo, he alleges:

Accredo received the form that was given to [B]iogen around May 1, 2013. ... [M]y information was not verified by [B]iogen nor [A]ccredo.  When [A]ccredo received the information, it should have been rejected due to my insurance not being in their network so to speak.  It should have been caught if they were doing their job but it was not due to carelessness.  They state they tried reaching my doctor for two weeks and never could but didn't call me to try to reach my doctor on my behalf.  Instead they chose to cancel and not inform me of what happened.

(*Id.* ¶ 2).

Even accepting the factual allegations in his amended complaint and his "answer" to the motions to dismiss as true, the plaintiff has failed to state a plausible claim for negligence against either defendant.  As best as the court can discern from his pleadings, he appears to be alleging that Biogen is the manufacturer of an unidentified medication he claims he needs; that Accredo, a pharmacy not in his insurance network, somehow received his prescription for the medication; that both Biogen and Accredo should have known that Accredo was the wrong pharmacy to fill the prescription; that the prescription was cancelled, either by Accredo or by his doctor; that Biogen and Accredo never contacted him

6

and advised him of what had happened; and that, as a consequence, the prescription was never filled and he suffered damages.  These facts, even if true, do not give rise to any legally-cognizable duty that would support a claim of negligence against either Biogen or Accredo.

To state a negligence claim under Alabama law, a plaintiff must allege facts demonstrating that the defendant "breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." *Zanaty Realty, Inc. v. Williams,* 935 So. 2d 1163, 1167 (Ala. 2005) (quotation marks and citation omitted).  Here, the plaintiff has alleged in conclusory fashion that the defendants breached "the applicable standard of care" in their dealings with him, but he has alleged no facts demonstrating that either defendant owed him any duty of care, much less that the "applicable standard of care" is as he describes it.  In other words, he has not alleged any facts establishing the existence of a legal duty that either Biogen or Accredo owed to him and then breached.  He also has not shown how any alleged breach by either Biogen or Accredo proximately caused him injury or damage.

The court recognizes that the plaintiff is pursuing this action *pro se*, and the court does not doubt the sincerity of his feelings.  However, the facts he has alleged simply do not state a claim against either defendant upon which relief can

7

be granted.

## CONCLUSION

For the reasons discussed above, the defendants' motions to dismiss (docs. 18 & 19) are due to be granted.  The plaintiff's amended complaint (doc. 17) is due to be dismissed with prejudice as to both Biogen and Accredo.  The Clerk will be directed to close the file.

**DONE**, this the 6th day of April, 2016.

_John E. Ott_

**JOHN E. OTT**
Chief United States Magistrate Judge